UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:23CR00117 AGF |
| | ) | |
| RAYFORD EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In this case, Defendant Rayford Evans is alleged to have made a video on his cell phone of a minor female while she was in the bathtub. Defendant is charged with one count of attempted sexual exploitation of a minor, in violation of 18 U.S.C. § 2251. The matter is before the Court on the Government's notice of intent to introduce evidence and motion in limine for admission of evidence pursuant to Federal Rule of Evidence 414 (ECF No. 62). Defendant has filed his objection and response (ECF No. 64) to the Government's motion.

## BACKGROUND

In the instant case, Defendant is alleged to have recorded a 15-year-old girl, E.R., on November 17, 2022, while E.R. was naked and taking a bath at 808 Walnut Street in Doniphan, Missouri, where she was spending the night with a friend. According to the Government, E.R. looked up during her bath, saw a cell phone with three camera lenses aimed at her through the open transom, and believed she was being recorded. When she

looked up, the phone quickly disappeared and she heard the person walk into the Defendant's room, next door to the bathroom, and shut the door.  E.R. believed that it was Defendant, the uncle of her friend, who was recording her.

A bench trial is set for January 21, 2025.  On January 7, 2025, the Government submitted its notice of intent to introduce evidence under Rule 414.  The Government states that it intends to produce the following prior instances of alleged child molestation "as evidence of Defendant's propensity to commit the charged act including his sexual interest in minor-aged children":

> (1) Christine Ladawn Ellsworth will testify that she observed her uncle Rayford Evans holding his cellphone tilted into the bathroom door's transom window with the phone's camera facing the interior of the bathroom while minor child C.J. age ten (10), a foster child living at the residence [808 Walnut Street], was taking a bath, and that this occurred sometime in 2020; and
>
> (2) Madeline Gipson will testify that approximately ten years ago, when she was ten-years-old, for a period of three to four months, Rayford Evans touched her breasts underneath her clothing, touched her vaginal area over the clothing, touched her hand to his penis over the clothing, and requested that she take his cellphone into the bathroom and take pictures of her breasts and vaginal area.

ECF No. 62 at 1-2.  The Government states that it intends to present testimony from Christine Ellsworth, Madeline Gipson, Dawn Lopez, and Ancel Teal regarding these events.  The Government further states that it will limit the testimony to avoid cumulative evidence and unfair prejudice.

The Government argues that this evidence is relevant to show Defendant's propensity to be sexually attracted to young children in order to prove Defendant's purpose and intent in recording E.R.  According to the Government, this evidence is

especially critical to combat Defendant's anticipated defense that, because he failed to capture a lascivious display of E.R.'s genital area on the recorded video, there is insufficient evidence that he acted with the requisite intent for an attempted sexual exploitation charge. The Government contends that the similarities between the proffered evidence and charged conduct demonstrate that its probative value outweighs any danger of unfair prejudice.

In his objection and response, Defendant argues that, with respect to the evidence involving the minor C.J., the proffered evidence does not fall within the scope of Rule 414 because the evidence does not constitute a prior "child molestation," as defined by that Rule. Specifically, Defendant argues that the Government's own description of this evidence merely indicates that Defendant was "holding his cellphone tilted into the bathroom door's transom window" while C.J. was taking a bath, not that Defendant was using the cell phone or attempting to use the cell phone to take pictures or videos of C.J. Defendant maintains that, even accepting the Government's description of the evidence as true, Defendant "may have been using his cell phone as a periscope, a visual aid to help 'see' into the bathroom," rather than to capture any sexually explicit images. ECF No. 64 at 2, 8. Therefore, Defendant argues that the evidence involving C.J. does not constitute evidence of child pornography or exploitation, or any attempt to complete such crime, so as to bring it within the ambit of Rule 414.

Separately, Defendant argues that both sets of evidence (that involving C.J. and that involving Madeline Gipson) should be excluded under Rule 403. Defendant argues that the allegations of uncharged conduct in both sets of evidence have limited probative

3

value because of the differences in the nature of the alleged misconduct, particularly with respect to Gipson, who is alleged to have been physically molested; the younger age of the prior victims as compared to E.R. (10 versus 15); and the length of time between the prior alleged incidents and the current charged conduct.   As to the evidence involving Gipson, Defendant further argues that there may also be differences with respect to the location of the alleged incident and the relation, if any, of the victim to Defendant, as the Government has not disclosed information with respect to these factors.[1]   Finally, Defendant argues that introduction of this evidence would lead to a "trial within a trial" to determine whether these prior events in fact occurred, which Defendant denies, thus implicating Rule 403's concerns regarding confusion of the issues and undue delay.

## **DISCUSSION**

Rule 414 provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a).   Rule 414 broadly defines "child molestation" to mean:

> a crime under federal law or under state law . . . involving:
>
> (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;
>
> (B) any conduct proscribed by 18 U.S.C. chapter 110;
>
> (C) contact between any part of the defendant's body  — or an object — and a child's genitals or anus;
>
> (D) contact between the defendant's genitals or anus and any part of a child's body;
>
> . . .

---

[1]    It is undisputed that the incident involving C.J. is alleged to have taken place at the same location as the current charged conduct involving E.R..

4

(F) an attempt or conspiracy to engage in conduct described in subparagraphs (A)–(E).

*Id.* 414(d).   Thus, "'child molestation' includes acts relating to child pornography [and other acts of sexual exploitation] which are prohibited by 18 U.S.C. chapter 110." *United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) (citing Fed. R. Evid. 414(d)(2)).

"Federal Rule of Evidence 414 is an exception 'to the general rule that evidence of past crimes may not be used to prove the character of a person in order to show action in conformity therewith.'"   *United States v. Furman*, 867 F.3d 981, 988 (8th Cir. 2017) (citation omitted).   District courts must subject Rule 414 evidence to Rule 403's balancing test, which allows the district court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.   *Id.*; *see also* Fed. R. Evid. 403.   "In doing so, however, courts must balance probative value against potential for unfair prejudice 'in such a way as to allow the new rules their intended effect,'" including accounting for the "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible" and that "Rule 414 evidence is 'exceptionally probative' of a defendant's sexual interest in children." *United States v. Withorn*, 204 F.3d 790, 794 (8th Cir. 2000) (citing *United States v. LeCompte,* 131 F.3d 767, 769 (8th Cir.1997)).

**<u>Whether the Evidence Involving C.J. is Subject to Rule 414[2]</u>**

In order to decide whether the Government's proffered evidence of the 2020 incident relating to C.J. is admissible under Rule 414, the Court must first determine whether that evidence qualifies as evidence of "child molestation" under Rule 414. Specifically, the Court must decide whether evidence involves "conduct prohibited by 18 U.S.C. chapter 110" or "an attempt to engage in [such] conduct." *See* Fed. R. Evid. 414(d)(2)(B), (d)(2)(F); *see also United States v. Manning*, 106 F.4th 796, 799–800 (8th Cir. 2024); *United States v. Blue Bird*, 372 F.3d 989, 992 (8th Cir. 2004) (analyzing the similarly-worded Federal Rule of Evidence 413, governing prior conduct in sexual assault cases).

The parties have not cited, and the Court has not found, a case directly on point. However, when determining whether prior conduct constituted an attempt to commit a sexual assault under Rule 413 (which uses much of the same language as Rule 414), the Eighth Circuit looked to "the Model Penal Code's approach to the law of attempt, under

---

[2] Defendant does not dispute that the evidence involving Gipson is subject to Rule 414. Nor could he, as the Government's description of that evidence appears to clearly involve conduct listed under Rule 414(d)(2). The fact that both the Gipson incidents and the incident involving C.J. did not lead to criminal charges is also not dispositive. Prior child molestation under Rule 414 may be based on uncharged accusations and may be presented solely by way of victim testimony, subject to cross examination, with the fact-finder charged with determining its reliability. *See, e.g.*, *United States v. Bentley*, 561 F.3d 803, 815–16 (8th Cir. 2009) (admitting under Rule 414 evidence past uncharged and disputed accusations of child molestation presented by way of victim testimony and noting that vigorous cross examination "permitted the jury to adequately evaluate the reliability of the Rule 414 witnesses.); *United States v. Gabe*, 237 F.3d 954, 959–60 (8th Cir. 2001) (same).

6

which there must be an intent to commit the predicate crime and a 'substantial step' toward its commission." *Blue Bird*, 372 F.3d at 992–93.

The Court concludes that, based on the Government's description of evidence showing that Defendant's cell phone was pointed toward the bathroom interior while C.J. was taking a bath, the evidence could well constitute an attempt to engage in sexual exploitation of a minor or other conduct prohibited by 18 U.S.C. chapter 110.  However, before deciding that issue, the Court will require an offer of proof with respect to the proposed testimony to determine whether it falls within the scope of 414.  *See, e.g.*, *Blue Bird*, 372 F.3d at 993–94 (examining Rule 413 testimony regarding prior acts and concluding as a matter of law that defendant's prior touching, kissing, and "sexual overtures," which he ceased after the victims expressed disinterest, did not constitute attempted sexual contact, but that defendant's trying to take his pants off while intoxicated and passing out on a minor victim "could constitute evidence of an attempted sexual act or attempted sexual contact" and was therefore properly admitted under Rule 413 in order to demonstrate a propensity to seek sex with minors).

**Whether Both Sets of Evidence Should Be Excluded Under Rule 403**

Assuming both sets of proffered evidence here fall within the scope of Rule 414, Defendant's alternative objection that the evidence should be excluded under Rule 403 is overruled.  "To be excluded under Rule 403, the evidence must be unfairly prejudicial[,] [and] . . . the fact that evidence of prior acts suggests a propensity to molest children, is not *unfair* prejudice."  *Furman*, 867 F.3d at 988 (emphasis in original); *see also LeCompte*, 131 F.3d at 769–70 (reversing a district court's decision to exclude Rule

7

414 testimony under Rule 403 "[i]n light of the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible").

The Court concludes the evidence regarding Defendant's encounters with C.J. and Gipson is highly probative of Defendant's sexual interest in underage girls, which is critical in light of Defendant's anticipated defense that he lacked the requisite intent. *See, e.g.*, *Furman*, 867 F.3d at 985–88 (holding that prior sexual assault of underage daughter was probative of intent where defense was that pornographic images of granddaughters were taken merely for medical documentation purposes); *United States v. Hruby*, 19 F.4th 963, 969 (6th Cir. 2021) ("These bad acts also countered his argument at trial that he was just 'an old man who would like to be a grandfather.'").

Defendant argues that "the 'physical nature' of Ms. Gipson's experience distinguishes her from E.R." ECF No. 64 at 6. However, the Eighth Circuit has repeatedly "affirmed a district court's admission of Rule 414 evidence of prior sexual abuse of minor females in a child pornography case because the abuse was probative of the defendant's interest in underage girls." *See United States v. Schave*, 55 F.4th 671, 677 (8th Cir. 2022); *United States v. Splettstoeszer*, 956 F.3d 545, 548 (8th Cir. 2020) (finding that evidence of the defendant's past sexual abuse of his daughters to be admissible under Rule 414 to show "propensity to be sexually interested in minors" for purpose of child pornography charges related to images young girls); *Furman*, 867 F.3d at 988 (finding the defendant's past sexual assault of his children probative of his interest, intent, and motive for distributing, receiving, and possessing child pornography).

8

Neither does the difference in age between the prior victims and E.R. render the incidents so different as to be excluded under Rule 403. Each alleged victim here was a young female, and the circumstances surrounding each alleged instance of misconduct was similar, including evidence that Defendant attempted to gain images of the girls undressed in the bathroom. Further, the evidence involving C.J. is alleged to have taken place in the same residence and involved nearly identical conduct of pointing a cell phone through a bathroom transom window. These striking similarities significantly outweigh any minor differences between the incidents. *See, e.g.*, *United States v. Bentley*, 561 F.3d 803, 815–16 (8th Cir. 2009) (holding that uncharged allegations that a defendant had raped his partners' 12- and 6-year-old daughters was probative of defendant's intent and motive for sexually exploiting and possessing pornographic images of another girlfriend's 10-year-old and infant daughters, because the incidents all involved young females and occurred under similar circumstances); *United States v. Crow Eagle*, 705 F.3d 325, 327–28 (8th Cir. 2013) (admitting past child molestation evidence notwithstanding age differences among victims spanning 6 to 11 years old).

Likewise, the passage of time between the incidents—even the 10 years since the incidents involving Gipson—does not cause unfair prejudice. The Eighth Circuit Court of Appeals has affirmed the admission of prior child molestation evidence occurring more than 20 years before the charged conduct. *United States v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001) (noting that "[w]hen Rule 414 was enacted, Congress expressly rejected imposing any time limit on prior sex offense evidence").

The Court recognizes that Defendant vigorously disputes that either prior incident occurred. However, Defendant is free to cross-examine the witnesses to exploit any weaknesses in their testimony. Further, the Court may limit the extent of the Rule 414 evidence to avoid straying into any unnecessary detail or wasting time.[3] *Cf. Schave*, 55 F.4th at 679 (holding that although "troubled by the quantity and level of detail presented to the jury," the admission of even very graphic Rule 414 evidence was nevertheless harmless); *see also United States v. Burch*, 113 F.4th 815, 820 (8th Cir. 2024) ("To decide whether a district court properly balanced the probative value of the proposed Rule 414 evidence with the risk of unfair prejudice under Rule 403, we consider whether the district court placed limits on the testimony and provided cautionary jury instructions."). Finally, the fact that this will be a bench trial significantly lessens any danger of unfair prejudice, as the Court is well equipped to fairly assess the evidence and give it no more than its due weight.

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's Notice of Intent to Introduce Evidence and Motion in Limine for Admission of Evidence Pursuant to Federal Rule of Evidence 414 (ECF No. 62) is **GRANTED**, and Defendant's Objection to the Government's Rule 414 Notice (ECF No. 64) is **DENIED** as set forth above, subject to an offer of proof in order to determine whether the Rule 414 evidence related

---

[3] In this respect, the Court will also require the Government to provide an offer of proof with respect to any testimony proffered by Dawn Lopez or Ancel Teal, before permitting these witnesses to provide Rule 414 evidence. The Government has not explained what non-cumulative information these witnesses have to offer regarding the prior incidents.

to minor C.J. falls under Rule 414 and to determine whether any Rule 414 testimony provided by Dawn Lopez and Ancel Teal is non-cumulative.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of January, 2025.